# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

EUGEN SMITH,

     Petitioner,

     v.                             **Case No. 20-CV-1230-SCD**

RANDALL R. HEPP,

     Respondent.

## ORDER GRANTING PETITIONER'S REQUEST TO PROCEED WITHOUT PREPAYMENT OF FEES AND/OR COSTS AND ORDER TO SHOW CAUSE

Eugene Smith, a prisoner in Wisconsin custody, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is in custody in violation of the U.S. Constitution. *See* ECF No. 1. The matter was randomly assigned to me. *See* 28 U.S.C. § 636; Fed. R. Civ. P. 73. Smith has requested to proceed without prepaying the $5.00 filing fee. *See* ECF No. 2. A copy of his institutional trust account statement reveals a start balance of $0.13, an end balance of $0.00, and an average monthly deposit of $4.00 over the last six months. *See* ECF No. 3. Based on this information, I am satisfied that Smith lacks the resources to pay the filing fee. *See* 28 U.S.C. § 1915(a).

I must also screen Smith's petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which states that I must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." During this initial review, I generally analyze three issues: whether the petitioner has set forth cognizable constitutional or federal law

claims, whether the petitioner has exhausted available state remedies, and whether the petition is timely.

It appears that Smith's petition is untimely. The Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 imposes a strict one-year period of limitation on state prisoners seeking collateral relief from federal court. *See* 28 U.S.C. § 2244(d). Most commonly, "AEDPA requires a federal habeas petition to be filed within one year from 'the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" *Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(1)(A)).

Smith was convicted on September 21, 2001. ECF No. 1 at 2. On direct appeal, Smith did not file a petition for review in the Wisconsin Supreme Court. *See* ECF No. 1 at 3. Thus, the time for seeking direct review expired on or about March 25, 2004—that is, the deadline the Wisconsin Court of Appeals gave Smith for filing a petition for review. *See* ECF No. 1-1 at 2. To be timely filed under § 2244(d)(1)(A), Smith would have had to file his federal habeas petition by March 25, 2005. It was not filed until August 2020.[1]

The limitation period for Smith may have started to run on a later date. Although the one-year clock typically begins running when the petitioner's state-court judgment becomes final, AEDPA provides other potential starting points. *See* § 2244(d)(1)(B)–(D). However, I do not have sufficient information to evaluate whether Smith can satisfy one of those provisions. The limitation period may also be subject to equitable tolling if, for example, Smith can

---

[1] Smith's post-conviction motions, *see* ECF No. 1 at 4–6, did not toll the one-year limitation period, as they were filed well after the time had already expired, *see* 28 U.S.C. § 2244(d)(2); *see also Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015).

2

demonstrate that he is actually innocent of the crime of conviction. *See Gladney*, 799 F.3d at 895–96; *see also Holland v. Florida*, 560 U.S. 631 (2010) (holding that "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing") (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Accordingly, before dismissing the petition as untimely, I will provide Smith an opportunity to respond to this order and to show cause why his petition should not be dismissed. *See Day v. McDonough*, 547 U.S. 198, 210 (2006) ("Of course, before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions."). Once received, I will screen the petition in accordance with Rule 4 and address Smith's motion to appoint counsel, ECF No. 4. If Smith fails to file a response that complies with this order, his petition will be dismissed for lack of diligence pursuant to Fed. R. Civ. P. 41(b) and E.D. Wis. Civil L. R. 41(c).

For the reasons given above, the petitioner's request to proceed without prepayment of fees and/or costs, ECF No. 2, is **GRANTED**. By **September 30, 2020**, Smith shall show cause, if any, why his § 2254 habeas petition should not be dismissed as untimely. If Smith fails to respond by September 30, his petition will be dismissed with prejudice.

**SO ORDERED** this 31st day of August, 2020.

_____
STEPHEN C. DRIES
United States Magistrate Judge

3