# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EUGENE SMITH,<br><br>    Petitioner,<br><br>v.<br><br>RANDALL R. HEPP,<br><br>    Respondent. | Case No. 20-CV-1230-JPS<br><br>**ORDER** |

On August 10, 2020, Petitioner Eugene Smith ("Smith") filed a habeas petition pursuant to 28 U.S.C. § 2254, seeking relief from a conviction and sentence imposed by the state of Wisconsin. (Docket #1). He also filed a motion to appoint counsel. (Docket #4). On September 11, 2020, Magistrate Judge Stephen C. Dries issued a Report and Recommendation ("R&R") which screened the petition pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings. (Docket #12). Rule 4 provides that courts should dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

When reviewing a magistrate's recommendation, this Court is obliged to analyze de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*. The Court's review encompasses both the magistrate's legal analysis and factual findings. *Id*.

Magistrate Judge Dries determined that the petition was not timely under 28 U.S.C. § 2244(d), which requires petitioners to file their petition in federal court within one year of the date of final judgment. (Docket #12 at 3). Magistrate Judge Dries explained that Smith would have had to file his petition by March 25, 2005 in order to be timely; instead, he filed it on August 10, 2020. (*Id.* at 4). Smith himself does not dispute that the petition is untimely; he simply explains that he was not aware of this avenue of relief because his state court lawyer did not inform him that he could file a habeas petition. (*Id.*).

A late petition can only be considered under one of two circumstances. The first is commonly known as the "actual innocence" exception, i.e., if the petitioner "'presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless error.'" *Gladney v. Pollard*, 799 F.3d 889, 896 (7th Cir. 2015) (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). Smith does not present evidence of innocence, so the first exception is not at play.

The second exception is "equitable tolling," which is "reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing." *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014) (quotation omitted). To be entitled to equitable tolling, a petitioner bears the burden of establishing: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 683–84; *Holland v. Florida*, 560 U.S. 631, 649 (2010). Judge Dries evaluated the petition, and determined that there was no evidence that Smith had been diligently pursuing his rights for fifteen years, much less that his attorney's failure to inform him about

federal habeas relief was an extraordinary circumstance. (Docket #12 at 4–5).

In his first submission contesting the R&R, Smith describes his disillusionment with the criminal system, including with his attorney and the trial court judge. (Docket #13). In his second submission contesting the R&R, Smith expounds on his frustration, and asks what the point of appellate counsel is if it was ultimately his responsibility to file a federal habeas petition. (Docket #14). He does not raise any specific objection with Magistrate Judge Dries's application of the law or characterization of the facts.

The Court will, nevertheless, endeavor to address Smith's confusion regarding the state appeals procedure and federal habeas procedure. As Magistrate Judge Dries explained, a state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012). In other words, the state appeal is separate from the federal habeas petition; the state appeal, including a petition for review to the state high court, must be completed before the federal habeas petition can begin. According to publicly available records, it appears that Smith did not seek review with the Wisconsin Supreme Court within thirty days of the Wisconsin appeals court's decision. *See* Wis. Stat. § 808.10; Milwaukee County Circuit Court Case No. 2000CF006231 *available at* https://wcca.wicourts.gov. This means

Page 3 of 5
Case 2:20-cv-01230-JPS    Filed 10/23/20    Page 3 of 5    Document 16

that, in addition to his petition being untimely, Smith failed to exhaust all state court remedies that would have finalized the judgment for the purposes of a federal habeas petition.

Additionally, not only is a federal habeas petition a different case from the underlying state criminal proceeding, but it is also a civil matter. Civil litigants have "neither a constitutional nor statutory right to a court-appointed attorney." *James v. Eli*, 889 F.3d 320, 326 (7th Cir. 2018). While the "court may request an attorney to represent any person unable to afford counsel," it does so at its discretion. 28 U.S.C. § 1915(e)(1); *James*, 889 F.3d at 326; *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc) (citing standard for appointing counsel in civil cases). This explains why Smith did not automatically receive counsel for his federal habeas petition.

Smith has not provided the Court with any reason to overrule Magistrate Judge Dries's R&R. Therefore, the Court will adopt the R&R and dismiss the case. Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Smith must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). No reasonable jurists could debate whether this Court's procedural ruling was correct. As a consequence, the Court is compelled to deny a certificate of appealability as to Smith's petition.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Stephen C. Dries's Report and Recommendation (Docket #12) be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that Petitioner Eugene Smith's petition for writ of habeas corpus (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this matter be and the same is hereby **DISMISSED with prejudice**;

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Petitioner Eugene Smith's motion to appoint counsel (Docket #4) be and the same is hereby **DENIED as moot**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 23rd day of October, 2020.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge